**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5883

CORTEZ DORIAN DOMINIE SUTTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Richard C. Erwin, Senior District Judge.
(CR-95-137)

Submitted: October 15, 1996

Decided: November 18, 1996

Before MURNAGHAN, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Gregory Davis, Assis-
tant Federal Public Defender, Greensboro, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, Michael F. Joseph,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cortez Dorian Dominie Sutton entered a conditional plea of guilty to possession with intent to distribute cocaine base, reserving the right to appeal from the district court's denial of his motion to suppress evidence. After sentencing, Sutton timely noted his appeal. We now affirm.

During the suppression hearing, Detective Piner of the Guilford County Sheriff's Department testified that, while working as a member of a drug interdiction team at the Amtrak Station in Greensboro, North Carolina, he approached Sutton and identified himself to Sutton as a police officer. After Sutton agreed to talk with Piner, Piner asked whether Sutton was carrying any illegal drugs or weapons. Sutton stated that he was not. Piner then requested Sutton's permission to search his bag.

Piner testified that Sutton first asked whether Piner had a search warrant, and, after Piner explained that he was asking for consent, Sutton said, "Go ahead." Piner then patted down Sutton, and Agent Kowalski searched Sutton's bag and discovered what later proved to be cocaine base. Kowalski also testified that Sutton consented to the search.

Sutton testified at the suppression hearing that he never gave his consent. Rather, when asked for permission to search, he inquired, "What if I say no." Piner then asked other questions, and Kowalski proceeded to search Sutton's bag. However, Sutton did not object to Kowalski's search of his bag.

The district court denied the motion to suppress, finding that consent was clear and that Sutton's question was not a refusal of consent to search. Sutton appeals from this ruling.

2

Whether consent was freely and voluntarily given is determined after considering the totality of the circumstances surrounding the consent. United States v. Mendenhall, 446 U.S. 544, 557 (1980). In viewing the totality of the circumstances, there does not need to be evidence "that the defendant knew of his right to refuse consent to prove that the consent was voluntary." United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). Because"the voluntariness of consent to search is a factual question, we must affirm the determination of the district court unless its finding is clearly erroneous." Id.

Sutton contends that his consent was not voluntary because he inquired about what would happen if he refused to consent. As we have previously noted, the officers' failure to explain that he could refuse the search does not negate Sutton's consent. See United States v. Wilson, 895 F.2d 168, 172 (4th Cir. 1990) (noting that "proof of knowledge of a right to refuse [is not] the sine qua non of an effective consent to search"); see also Schneckloth v. Bustamonte, 412 U.S. 218, 248-49 (1973). We find no clear error in the district court's finding that Sutton's inquiry concerning what happens if he withholds consent did not amount to a refusal of consent.

Further, in light of the conflicting testimony concerning whether consent was given, we defer to the district court's determination that the officers' testimony (that Sutton said, "Go ahead") was more credible. See United States v. Taylor, 90 F.3d 903, 908 (4th Cir. 1996) (deferring to a district court's factual determination unless clearly erroneous). Also telling is Sutton's testimony that, although Sutton saw Kowalski searching his bag, he did and said nothing to stop Kowalski's search. Based on the totality of the circumstances, we find that the district court's determination that Sutton consented to the search was not clearly erroneous. Mendenhall, 446 U.S. at 557-58.

We therefore affirm the district court's order denying Sutton's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3